ISABEL WAGNER V. B. B. HAINES.

FILED APRIL 26, 1893.   No. 4586.

Forcible Entry and Detainer: INSTRUCTIONS. In an action for the recovery of possession of farm lands and a dwelling house from defendant's alleged forcible detention of both conjunctively, plaintiff's request for an instruction which defined the rights of defendant to the whole subject of controversy, as though to be tested by his right to the possession of the dwelling house alone, was properly refused.

ERROR from the district court of Gage county. Tried below before BROADY, J.

*Griggs & Rinaker*, for plaintiff in error.

*R. S. Bibb*, contra.

RYAN, C.

The plaintiff in error brought an action before a justice of the peace of Gage county against the defendant in error, alleging plaintiff's present right of possession as against the defendant, who unlawfully, as plaintiff alleged, held possession of certain real property. Upon appeal to the district court of that county a verdict was returned and judgment rendered in favor of the defendant.

There was not much conflict as to the facts, though not all detailed by any one witness. About August 30, 1889, plaintiff agreed to lease the real property in question to the defendant for a term of three years. Afterwards, in October, defendant, with his family, at the suggestion of plaintiff, moved into the dwelling house occupied by plaintiff, and began preparation for cropping next year the land of which the right of possession was litigated afterwards. For this purpose the defendant plowed from twelve to fourteen acres some time in the fall of 1889. No attempt

52

was made to reduce the terms of the lease to writing until December of that year, when the plaintiff caused a draft of the lease, as she understood it, to be prepared. The defendant refused to sign this because its terms were not in all respects as he understood those agreed upon in August preceding, and the parties were never able to formulate in writing a common understanding of the terms of the lease. In March, following, this action was begun. The theory of the plaintiff was that the transaction had in August was merely an agreement to execute a lease at a subsequent date, while defendant just as strenuously insisted that it was a lease *in præsenti;* the requirement of a writing for a term of more than one year to be met by subsequently reducing to writing and signing the terms agreed upon.

The necessity of considering the merits of these claims arises only upon the instructions given and refused. The court instructed the jury that a parol lease for more than one year is not good for more than one year, but is good for one year; also as follows:

"3. An agreement to enter into a written contract of lease is not a lease; but a parol lease, with a further agreement to reduce the terms of the parol lease to writing, is a lease so far as it is competent to make a parol lease. This is a distinction you will bear in mind in considering this case. The defendant claims under a parol lease; the plaintiff claims that there was no parol lease. This is a controlling question of fact for you to determine; that is whether or not the defendant was in possession of the premises under and by virtue of a parol lease from the plaintiff at the commencement of this action."

Plaintiff in error does not question the correctness of this instruction so far as it goes, but insists that the following instruction upon her request should have been given the jury:

"2. You are instructed that if you find from the evi-

Wagner v. Haines.

dence that it was agreed between the parties that a lease should be executed to commence March 1, following, and that plaintiff allowed the defendant to go into a part of the house prior to said March 1, then the plaintiff had a right to make defendant vacate said premises at any time prior to said March 1, and recover possession thereof; and after the defendant had been notified to leave said premises he was a wrong-doer, as he had no right to remain there after such notification."

This instruction by its terms was limited to "a part of the house," as "the premises," in regard to which alone the right of possession was to be determined by the jury. The petition upon which the cause was tried claimed the right of immediate possession of the northwest quarter of section 19, town 4, range 6, conjunctively with the dwelling house; its prayer was for the restitution of said premises.    Manifestly this instruction, which ignored the rights of the defendant as to the tillable land of which he had already plowed twelve or fourteen acres for the following year's crop, was, in an action of this character, too restricted in its scope, and plaintiff's request to so instruct was therefore properly denied.    The record presents no other question than upon the instructions; it therefore results that the judgment of the district court is

AFFIRMED.

THE other commissioners concur.